# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PENINA TAGOIA, ET AL.,**<br>Plaintiffs,<br>vs.<br>**WELLS FARGO BANK, N.A., ET AL.,**<br>Defendants. | CASE NO. 17-cv-06777-YGR<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 23 |

Plaintiffs Penina Tagoia and William Tagoia have filed an ex parte motion for a temporary restraining order and request for an order to show cause and set a hearing on a preliminary injunction to restrain defendants Wells Fargo Bank, N.A., Barrett Daffin Frappier Treder & Weiss, LLP, Breckenridge Property Fund 2016, LLC, Cheryl Lynn Asher, Erica Denise Jones, Edward Alan Treder, Manuel Loeza, Clayton Allen Goff, Brandye N. Foreman, Gregory Geiser, and Does 1-100, inclusive (collectively, "defendants"), and their agents, assigns, and/or transferees from:

> [T]aking action having legal effect based on the trustee's sale, including transfer of title, recordation of any liens, proceeding with the pending unlawful detainer action known as Case No. PS17-1120 in Contra Costa Superior Court entitled *BRECKENRIDGE PROPERTY FUND 2016, LLC v. Tagoia*, or any other eviction of Plaintiffs by the purported third party purchaser, BRECKENRIDGE PROPERTY FUND 2016, LLC, 'Breckenridge' or any Defendant or successor-in-interest thereof, enforcement of the Trustee's Deed Upon Sale recorded on September 21, 2017, relating to the real property located at 4661 Palomino Way, Antioch, CA 94531 (the 'Subject Property'), encumbering or transferring any right, title, or interest in the Property, or taking any other enforcement actions, until such time as this Court in this Action determines whether the foreclosure was justified under the facts and the law, whether there is any validity to any of the assignments, the trusteeship allegedly undertaken by Defendant BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, whether a broken chain of title exists, whether Breckenridge is a bona fide purchaser (or could be), and whether the trustee's sale is void.

(Dkt. No 23 at 2 ("TRO Motion").)[1]

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, plaintiffs must establish four factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council. Inc.,* 555 U.S. 7, 20 (2008).

With respect to the success on the merits and balance of harms factors, courts will permit a plaintiff making a strong showing on one factor to offset a weaker showing on the other, so long as all four factors are established. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). For example, if the balance of hardships tips *sharply* in plaintiffs' favor, they may satisfy the likelihood of success factor by showing that there are at least "serious questions" favoring the merits of their claim. *Id.* Nevertheless, a preliminary injunction is "an

---

[1] The Court notes that plaintiffs' prayer for relief in their memorandum in support of their TRO Motion is, without explanation, inconsistent with the TRO Motion itself in that the memorandum references "the pending unlawful detainer action known as Case No. MS16-0755 in Contra Costa Superior Court entitled *U.S. Bank, N.A. v. Glasser*." (*See* Dkt. No. 24 at 10 ("Memo ISO TRO Motion").) In any event, this Court is without authority to enjoin the unlawful detainer action. Namely, the Anti-Injunction Act states that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or whether necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The exceptions to the Anti-Injunction Act "must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Although plaintiffs' TRO Motion does not address the limitations on this Court's authority imposed by the Anti-Injunction Act, a number of district courts have held that a request for a temporary restraining order enjoining a state court unlawful detainer action does not fall into one of the exceptions listed in the Act. *See, e.g., Michener v. Wells Fargo Home Mortg.*, No. C 12-2003 PJH, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012); *Diaz v. Nat'l City Bank*, No. 12-CV-1393-MMA (NLS), 2012 WL 2129916, at *2 (S.D. Cal. June 12, 2012); *Sato v. Wachovia Mortg., FSB*, No. 5:11-CV-00810 EJD, 2012 WL 368423, at *2 (N.D. Cal. Feb. 3, 2012). Thus, the injunctive relief plaintiffs seek with respect to the unlawful detainer action is prohibited by the Anti-Injunction Act and does not fall within an exception.

extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief," *Winter*, 555 U.S. at 22, and the moving party bears the burden of meeting all four *Winter* prongs. *Cottrell*, 632 F.3d at 1135; *DISH Network Corp. v. FCC*, 653 F.3d 771, 776–77 (9th Cir. 2011).

Here, plaintiffs have failed to establish a likelihood of success on the merits.[2] Although plaintiffs' complaint consists of thirteen causes of action (*see* Dkt. No. 1), their TRO Motion fails to specify on which claim plaintiffs bring their motion. It appears that the only claim upon which plaintiffs' TRO Motion is based is their wrongful foreclosure claim. (*See* Memo ISO TRO Motion at 8 (referencing a "problematic sale leading to damages for wrongful foreclosure"); *id*. ("The trustee's sale was held improperly and constitutes a wrongful foreclosure.").) Under California law, the elements of a wrongful foreclosure cause of action are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408–09 (2015) (internal quotation marks omitted). At minimum, plaintiffs have failed to establish the prejudice element of their wrongful foreclosure claim, as they have not demonstrated sufficiently any prejudice beyond the completion of the foreclosure.[3] Having failed to establish at least one element of their wrongful

---

[2] In support of their opposition to plaintiffs' TRO Motion, defendants Gregory Geiser and Breckenridge ask that the Court take judicial notice of a number of documents. The documents are purportedly: (a) a Deed of Trust recorded on July 31, 2006; (b) a Substitution of Trustee recorded on February 10, 2016; (c) a Notice of Default recorded on March 2, 2016; (d) a Notice of Trustee's Sale recorded on August 2, 2017; and (e) a Trustee's Deed Upon Sale recorded on September 21, 2017. (*See* Dkt No. 28-2 ("Request for Judicial Notice").) These appear to be the same documents attached as exhibits to plaintiffs' complaint. The Court finds that the documents are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** defendants' Request for Judicial Notice. The Court will take notice of the existence of the documents and date on which they were recorded but will not assume the truth of the facts contained therein.

[3] In a recent case from this district involving a wrongful foreclosure claim, the court adopted "the approach endorsed by the weight of the published California Court of Appeal decisions and applied by the Ninth Circuit." *Cardenas v. Caliber Home Loans, Inc.*, No. 17-CV-

3

foreclosure claim, plaintiffs have not made a sufficient showing of a likelihood of success on the merits.[4]

Moreover, plaintiffs' TRO Motion does not establish that they are likely to suffer immediate irreparable harm in the absence of a temporary restraining order. Plaintiffs invoke the maxim that losing one's home is irreparable harm. (*See* Memo ISO TRO Motion at 4.) ("[I]mmediate and irreparable injury will result, such that Plaintiffs will lose their home, and will be evicted from their home . . . .").) "Although the loss of one's home may constitute irreparable harm, in the absence of a likelihood of success on the merits, loss of property alone is not sufficient to obtain a TRO." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1101 (S.D. Cal. 2012); *cf. Eshraghi v. Cal. Bank & Trust Corp.*, No. CV F 11-1733 LJO SKO, 2011 WL 4971956, at *10 (E.D. Cal. Oct. 19, 2011) (where plaintiff failed to establish that he was entitled to remain on the property, loss of the property was not irreparable injury). Here, defendants foreclosed upon plaintiffs' property and now seek to evict them. While the Court is sympathetic to plaintiffs' circumstances, the pending TRO Motion does not establish that plaintiff is entitled to the

---

04382-LHK, 2017 WL 5992125, at *8 (N.D. Cal. Dec. 4, 2017). Namely:

> [I]n order to sufficiently allege prejudice, a borrower alleging that the foreclosing party does not have the authority to foreclose due to a void assignment *must also allege additional harm stemming from the void assignment*, like (1) that the void assignment changed the borrower's payment obligations; (2) that the void assignment interfered in any manner with [the borrower's] payment; or (3) that the true owner of the loan—the entity that actually has the authority to foreclose— would have refrained from foreclosure under the circumstances presented.

*Id*. (internal quotation marks omitted) (emphasis supplied).

[4] Plaintiffs baldly assert, "Defendants also violated the single point of contact provisions in regard to failing to assign a single person to communicate with Plaintiffs regarding their modification application." (Memo ISO TRO Motion at 4.) To the extent California Civil Code section 2923.7 serves as a basis for plaintiffs' TRO Motion, which is dubious given the cursory reference in their TRO Motion to "the single point of contact provisions" (*id*.), plaintiffs have provided no information establishing how their alleged harms were caused by the failure to provide a single point of contact. Their TRO Motion merely speculates that had defendants observed the "single point of contact protections, Plaintiffs could have explored other options for re-financing including partnering with a private investor, and avoided a sale." (Memo ISO TRO Motion at 4.) Absent information regarding the failure to comply with *specific* obligations laid out in section 2923.7, the Court cannot find that plaintiffs have established a likelihood of success on the merits as to their section 2923.7 claim.

extraordinary and drastic remedy of injunctive relief.[5]

Accordingly, for the foregoing reasons, plaintiffs' TRO Motion is **DENIED**.

This Order terminates Docket Number 23.

**IT IS SO ORDERED.**

Dated: January 31, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5] The Court finds that plaintiffs' lack of diligence in filing their TRO Motion also militates against injunctive relief. When plaintiffs filed their complaint on November 25, 2017, they could have concurrently filed a properly noticed motion for a temporary restraining order. However, they failed to do so without explanation, instead waiting over two months to file the instant emergency application. *See Ariel v. GMAC Mortg., LLC*, C 12-04201 SBA, 2012 WL 5373388, at *8 (N.D. Cal. Oct. 30, 2012) ("The Court finds that Plaintiffs' unexplained delay in seeking injunctive relief implies a lack of urgency and irreparable harm and militates against granting the relief requested.") That the parallel state unlawful detainer action is advancing towards summary judgment is of no moment. (*See* Dkt. No. 25 at 3 ("Time is of the essence because a motion for summary judgment is filed in the unlawful detainer proceeding and scheduled for hearing on February 1, 2018 . . . .") (Dailey Declaration ISO TRO Motion).) Indeed, as explained previously, this Court is without authority to enjoin that action. (*See supra* n.1.)