**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PENINA TAGOIA, ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WELLS FARGO BANK, N.A., ET AL.,**<br><br>Defendants. | CASE NO. 17-cv-06777-YGR<br><br>**ORDER DENYING PLAINTIFFS' RENEWED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 50 |

Plaintiffs Penina Tagoia and William Tagoia have filed a renewed ex parte motion for a temporary restraining order, an order to show cause why a preliminary injunction should not issue, and for a preliminary injunction restraining and enjoining defendants Wells Fargo Bank, N.A., Barrett Daffin Frappier Treder & Weiss, LLP, Breckenridge Property Fund 2016, LLC, Cheryl Lynn Asher, Erica Denise Jones, Edward Alan Treder, Manuel Loeza, Clayton Allen Goff, Brandye N. Foreman, Gregory Geiser, and Does 1-100, inclusive (collectively, "defendants"), and their agents, assigns, and/or transferees from:

> [T]aking action having legal effect based on the trustee's sale, including transfer of title, recordation of any liens, proceeding with the pending unlawful detainer action known as Case No. PS17-1120 in Contra Costa Superior Court entitled *BRECKENRIDGE PROPERTY FUND 2016, LLC v. Tagoia*, or any other eviction of Plaintiffs by the purported third party purchaser, BRECKENRIDGE PROPERTY FUND 2016, LLC, "Breckenridge" or any Defendant or successor-in-interest thereof, enforcement of the Trustee's Deed Upon Sale recorded on September 21, 2017, relating to the real property located at 4661 Palomino Way, Antioch, CA 94531 (the "Subject Property"), encumbering or transferring any right, title, or interest in the Property, or taking any other enforcement actions, until such time as this Court in this Action determines whether the foreclosure was justified under the facts and the law, whether there is any validity to any of the assignments, the trusteeship allegedly undertaken by Defendant BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, whether a broken chain of title exists, whether Breckenridge is a bona fide purchaser (or could be), and whether the trustee's sale is void.

(Dkt. No. 50 at 2 ("Renewed TRO Motion").)

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). In order to obtain such relief, plaintiffs must establish four factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council. Inc.*, 555 U.S. 7, 20 (2008).

With respect to the success on the merits and balance of harms factors, courts will permit a plaintiff making a strong showing on one factor to offset a weaker showing on the other, so long as all four factors are established. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). For example, if the balance of hardships tips *sharply* in plaintiffs' favor, they may satisfy the likelihood of success factor by showing that there are at least "serious questions" favoring the merits of their claim. *Id.* Nevertheless, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief," *Winter*, 555 U.S. at 22, and the moving party bears the burden of meeting all four *Winter* prongs. *Cottrell*, 632 F.3d at 1135; *DISH Network Corp. v. FCC*, 653 F.3d 771, 776–77 (9th Cir. 2011).

As evidenced by plaintiffs' request for relief above, their Renewed TRO Motion is substantially identical to their request for injunctive relief previously denied by the Court.[1]

---

[1] As with plaintiffs' last request, defendants Geiser and Breckenridge ask that the Court take judicial notice of the following documents in support of their opposition to plaintiffs' Renewed TRO Motion: (i) a Deed of Trust recorded on July 31, 2006; (ii) a Substitution of Trustee recorded on February 10, 2016 ("SOT"); (iii) a Notice of Default recorded on March 2, 2016; (iv) a Notice of Trustee's Sale recorded on August 2, 2017; and (v) a Trustee's Deed Upon Sale recorded on September 21, 2017 ("TDUS"). (*See* Dkt. No. 53-2 ("Request for Judicial Notice").) The Court again finds that the documents are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** defendants' Request for Judicial Notice. The Court will take notice of the existence of the documents and date on which they were recorded but will not assume the truth of

Indeed, the only apparent difference between the memorandum in support of plaintiffs' previous request and the memorandum in support of plaintiffs' Renewed TRO Motion is that the latter contains an additional short section regarding plaintiffs' quiet title claim. (*See* Dkt. No. 51 at 10–11 ("Memo ISO Renewed TRO Motion").) Plaintiffs have not specified either a factual error or any rationale for concluding that the Court's previous determination as to their likelihood of success on their wrongful foreclosure claim was incorrect.[2] Accordingly the Court will not stray from its previous ruling on that claim.[3]

While plaintiffs' base their Renewed TRO Motion, in part, on their quiet title claim, plaintiffs cannot sustain such a claim as a matter of law. "[B]ecause the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure." *Distor v. U.S Bank, N.A.*, No. C 09-02086 SI, 2009 WL 3429700, at *6 (N.D. Cal. Oct. 22, 2009), *disagreed with on other grounds by Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1180 n.5 (9th Cir. 2016); *see also Lopez v. Chase Home Fin., LLC*, No. CV F 09-0449 LJO GSO, 2009 WL 981676, at *7 (E.D. Cal. Apr. 9, 2009) ("If the foreclosure is successful, title will change, and the quiet title claim is an improper means to challenge foreclosure."). In other words, "[p]laintiff's claim to title has already

---

the facts contained therein.

[2] Plaintiffs have similarly failed to address the Court's prior conclusions regarding: (i) the Court's inability to enjoin the related unlawful detainer action; (ii) plaintiffs' claim based on California Civil Code section 2923.7; (iii) plaintiffs' likelihood of suffering immediate irreparable harm; and (iv) plaintiffs' lack of diligence in filing their TRO motion.

[3] Plaintiffs' argument that the SOT is invalid "because it was executed by Clayton Goff as Associate Attorney for a limited liability partnership . . . that he is not currently registered to work for" (Memo ISO Renewed TRO Motion at 2) is undermined by his State Bar of California attorney profile, which shows that Mr. Goff was an active attorney at the time he executed the SOT (*see* Dkt. No. 28-1, Exh. A; Dkt. No. 53-1, Exh. A). Plaintiffs' contention that defendant Breckenridge was "improperly formed and managed claiming an LLC on its Statement of Information that does not exist" (Memo ISO Renewed TRO Motion at 4) is similarly weakened by the "Business Search - Entity Detail" page found on the California Secretary of State Website (*see* Dkt. No. 28-1, Exh. B; Dkt. No. 53-1, Exh. B). Defendants Geiser and Breckenridge first raised these arguments in opposition to plaintiffs' prior TRO motion, but plaintiffs have failed to address them in their Renewed TRO Motion. Moreover, plaintiffs' efforts to hinge their likelihood of success on a technicality, namely, that the TDUS is invalid because of the missing "LLP" designation in the signatory block, do not persuade. This deficiency is distinguishable from the defect in *Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868 (2000), where the substitution of a new trustee rendered a foreclosure sale by the former trustee void.

3

been extinguished." *Distor*, 2009 WL 3429700, at *6. Separately, plaintiffs have not shown likelihood of success as to their quiet title claim because they have not suggested they are able to tender the amount due under the subject promissory note. *See Pedersen v. Greenpoint Mortg. Funding, Inc.*, No. S-11-0642 KJM EFB, 2011 WL 3818560, at *13 (E.D. Cal. Aug. 29, 2011) ("Tender of the indebtedness is required to quiet title in California."); *Kimball v. BAC Home Loans Servicing, LP*, No. 10-CV-05670-LHK, 2011 WL 577418, at *2 (N.D. Cal. Feb. 9, 2011) ("[U]nder California law, a borrower may not assert quiet title without first paying the outstanding debt on the property.").

In light of these deficiencies and plaintiffs' failure to address the shortcomings previously identified by the Court, the impetus behind plaintiffs' Renewed TRO Motion appears to be the Notice to Vacate recently served on plaintiffs, ordering them to vacate the Subject Property by March 6, 2018. (*See* Dkt. No. 52 at 2; Dkt. No. 52-5.)[4] However, to the extent that plaintiffs' Renewed TRO Motion can be construed as a request to issue an order enjoining the effect of the Superior Court's Writ of Execution,[5] the Court is barred by the *Rooker-Feldman* doctrine.[6] Under the *Rooker-Feldman* doctrine, a federal court is without jurisdiction to conduct appellate review of

---

[4] In a similar vein, the impetus behind plaintiffs' previous request for injunctive relief appeared to be the impending state court hearing on the summary judgment motion filed by Breckenridge, the plaintiff in the state court action. Indeed, plaintiffs filed their first TRO motion over four months after the TDUS was recorded, transferring the Subject Property to defendant Breckenridge, and over two months after they filed their complaint in this action. As with plaintiffs' previous request, plaintiffs' lack of diligence in filing their Renewed TRO Motion, which is substantially identical to their former motion, militates against injunctive relief.

[5] Plaintiffs' proposed order provides: "Defendants and any purported successor-in-interest thereof, are hereby enjoined from proceeding with the above-referenced eviction . . . ." (Dkt. No. 50-1 at 3.)

[6] *See Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 707033, at *2 (N.D. Cal. Feb. 26, 2013) ("Under the *Rooker-Feldman* doctrine . . . federal courts lack jurisdiction to review the propriety of state court rulings, including a Writ of Possession rendered during the course of a state court UD proceeding."); *Richards v. Mercy Hous. California*, No. C 12-00234 JW, 2012 WL 174186, at *2 (N.D. Cal. Jan. 18, 2012) ("[T]he Court finds that Plaintiff is not entitled to a preliminary injunction on the ground that the *Rooker-Feldman* doctrine bars the Court from reviewing Plaintiff's eviction, insofar as Plaintiff is asserting errors by a state court and is seeking relief from the state court judgment."); *Pierro v. Spiegel Dev., Inc.*, No. CV 09-2312 CAS (JWJx), 2009 WL 10680372, at *3 (C.D. Cal. Dec. 9, 2009) ("[P]laintiff's request for a temporary restraining order is likely barred by the *Rooker-Feldman* doctrine, because it is essentially a collateral attack on the Los Angeles County Superior Court's issuance of a writ of possession.").

state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Specifically, the *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). A federal action constitutes such a de facto appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling . . . ." *Bianchi*, 334 F.3d at 898. In such circumstances, "the [d]istrict [c]ourt is in essence being called upon to review the state court decision." *Feldman*, 460 U.S. at 482 n.16. While plaintiffs contend that the foreclosure sale itself was unlawful and should be set aside, the requested temporary restraining order in this case would, if granted, invalidate the judgment in the unlawful detainer proceeding. *See Labrada v. Deutsche Bank Nat. Trust Co.*, No. CV 10-7373 CAS (FMOx), 2010 WL 3911492, at *2 (C.D. Cal. Oct 4, 2010). Accordingly, a temporary restraining order in this instance would offend the *Rooker-Feldman* doctrine.

In accordance with the foregoing, plaintiffs' Renewed TRO Motion is **DENIED**.

This Order terminates Docket Number 50.

**IT IS SO ORDERED.**

Dated: March 5, 2018

                                        **YVONNE GONZALEZ ROGERS**
                                     **UNITED STATES DISTRICT COURT JUDGE**