**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PENINA TAGOIA, ET AL.,**<br>Plaintiffs**,**<br>vs.<br>**WELLS FARGO BANK, N.A., ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-06777-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 12, 19, 58 |

Plaintiffs Penina Tagoia and William Tagoia[1] brought the instant action against the following ten defendants in connection with the foreclosure of their former home: (1) Gregory L. Geiser and Breckenridge Property Fund 2016, LLC ("Breckenridge") (together, the "Breckenridge Defendants"); (2) Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW"), Cheryl Lynn Asher, Erica Denise Jones, Edward Alan Treder, Manuel Loeza, Clayton Allen Goff, and Brandye N. Foreman (collectively, the "BDFTW Defendants"); and (3) Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiffs assert thirteen claims for relief against all defendants: (1) wrongful foreclosure; (2) promissory estoppel; (3) violation of California Civil Code ("Civil Code") section 2924.11, (4) section 2923.7, and (5) section 2923.55; (6) slander of title; (7) violation of the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 1962; (8) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1692; (9) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (10) violation of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2605; (11) negligence; (12) violation of California Code of Civil Procedure ("CCP") section 1029.8; and (13) quiet title. (*See generally* Compl.)

---

[1] The spelling of the name of one of the plaintiffs is inconsistent throughout plaintiffs' filings in this case. (*See, e.g.*, Dkt. 1 ("Compl.") at 1 (appearing as both "William Tagoia" and "William Tagoi").) The Court adopts the spelling as it appears on the caption page of plaintiffs' complaint.

Currently before the Court are three Rule 12(b)(6) motions filed by defendants, each of which seeks to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted.[2] Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** defendants' motions to dismiss plaintiffs' complaint.[3]

## I.   FACTUAL BACKGROUND

The following facts are based on the allegations of plaintiffs' complaint and judicially noticeable documents.

On or around July 31, 2006, plaintiffs obtained a $440,000 home loan (the "Loan") from World Savings Bank, FSB ("World Savings"). (Compl. ¶ 15.) The promissory note was secured by a Deed of Trust against the real property located at 4661 Palomino Way, Antioch, CA 94531 (the "Subject Property"). (*Id.* ¶ 2; WFRJN Exh. A ("DOT").)[4] Golden West Savings Association Service Co. was named as the Trustee on the Deed of Trust. (DOT at 2.)

---

[2] Specifically, the motions before the Court are: (1) the Breckenridge Defendants' motion to dismiss (Dkt. No. 12 ("Breckenridge Defendants' MTD")); (2) the BDFTW Defendants' motion to dismiss (Dkt. No. 19 ("BDFTW Defendants' MTD")); and (3) Wells Fargo's motion to dismiss (Dkt. No. 58 ("Wells Fargo's MTD")). The motions were set for oral argument on April 17, 2018. The Court previously vacated such hearing, noting that it would issue a written decision on the papers without oral argument, pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b). (Dkt. No. 67.)

[3] In connection with their motions to dismiss, the Breckenridge Defendants, the BDFTW Defendants, and Wells Fargo each request that the Court take judicial notice of documents which are either: (i) publicly recorded in Contra Costa County; (ii) on file with the United States Bankruptcy Court, Northern District of California; (iii) public records on file with the Secretaries of State for Texas or California or the State Bar of California; or (iv) former sections of the California Civil Code. (Defendants Breckenridge Property Fund 2016, LLC's and Gregory L. Geiser's Request for Judicial Notice ("BDRJN"), Dkt. No. 12-1; Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint ("BDFTWRJN"), Dkt. No. 20; Wells Fargo Bank, N.A.'s Request for Judicial Notice in Support of Motion to Dismiss Complaint ("WFRJN"), Dkt. No. 59.) These documents are all available publicly. Accordingly, the Court **GRANTS** defendants' unopposed requests to take judicial notice of these public records. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original); *see also* Fed. R. Evid. 201(b)(2).

[4] Because of the overlap in defendants' requests for judicial notice, and for the sake of brevity, the Court cites only to the documents appended to Wells Fargo's request. To the extent a cited document is not the subject of Wells Fargo's request, the Court provides the appropriate citation to the docket.

Plaintiffs allege that in May 2006, prior to their loan transaction, World Savings' assets were acquired by Wachovia, which securitized and sold plaintiffs' promissory note and beneficial interest in plaintiffs' DOT to a Real Estate Mortgage Investment Conduit ("REMIC") trust entitled the "WSR24 Trust." (Compl. ¶ 17.) Wachovia allegedly carried out this sale without executing an assignment, thus "br[eaking] the chain of title in the County of Contra Costa by failing to reflect the change in beneficial interest to the DOT in the public record." (*Id.*) Plaintiffs allege that Wachovia's contractual claims were thereafter "restricted solely to the servicing rights to [p]laintiffs' loan by the terms of the Pooling and Servicing Agreement ['PSA'] for the Trust." (*Id.*)

After Wells Fargo acquired Wachovia, plaintiffs allege that it claimed a right to foreclose on plaintiffs' property and authorized a foreclosure and trustee's sale to Breckenridge. (*Id.*) "[A]ll the while," plaintiffs allege, "World Savings remained the holder of beneficial interest in the public record according to the files of the County of Contra Costa Recorder." (*Id.*) Plaintiffs allege that "[n]o assignments were recorded in favor of Wachovia or Wells Fargo relative to the Subject Property in Contra Costa County[,] also breaking the chain of title." (*Id.*)

In or around 2015, plaintiffs allege that Wells Fargo agreed to a loan modification providing for a term of seven to ten years for plaintiffs to repay the outstanding balance on the Loan, but this agreement was never recorded. (*Id.* ¶ 23.) Moreover, plaintiffs allege that Wells Fargo negligently performed its purported duty to assess properly plaintiffs' eligibility for a loan modification. (*Id.* ¶ 24.) Plaintiffs allege that Wells Fargo's modification determination was based upon an incorrect (inflated) monthly income amount, thus "depriv[ing] [p]laintiffs of an opportunity to pursue foreclosure avoidance options without having to file for bankruptcy . . . ." (*Id.*) Plaintiffs were allegedly "forced into bankruptcy as a result of this negligent modification application processing which negatively effected [sic] their credit and caused them to incur attorney's fees and costs." (*Id.*)[5]

---

[5] The matters judicially noticeable here indicate that plaintiffs filed two separate petitions for Chapter 13 Bankruptcy protection in connection with the Subject Property, one in 2013 (the "2013 Bankruptcy Action") and another in 2016 (the "2016 Bankruptcy Action"). (*See* WFRJN Exhs. E, L.) Plaintiffs' complaint refers explicitly only to the latter. (*See, e.g.*, Compl. ¶ 22.)

On February 10, 2016, Clayton Goff, associate attorney for BDFTW, as attorney in fact for Wells Fargo, recorded a Substitution of Trustee, substituting BDFTW as the Trustee under the Deed of Trust. (*Id*. ¶18; WFRJN Exh. I ("SOT").) Plaintiffs allege that BDFTW "never had any rights as an attorney in fact for Wells Fargo with respect to [p]laintiffs [sic] DOT . . . and that neither BDFTW nor Wells Fargo had rights to record an SOT under the terms of the DOT." (Compl. ¶ 18.)

On March 2, 2016, Erica Denise Jones, associate attorney for BDFTW, recorded a Notice of Default, which stated that plaintiffs were $90,587.63 behind on their Loan payments. (*Id*. ¶ 19; WFRJN Exh. J.) Plaintiffs allege that the Notice of Default is invalid because, in addition to being "executed by BDFTW allegedly on behalf of Wells Fargo," Wells Fargo did not apply Chapter 13 payments or Chapter 13 payment plan modification credits toward the Loan. (Compl. ¶ 23.) The inaccurate amount allegedly "materially interfered with their right of reinstatement." (*Id*. ¶ 19.) Further, plaintiffs allege, the Notice of Default directed them to contact BDFTW, which they assert "did not legally exist in California," and they were never assigned a single point of contact ("SPOC") regarding their previously submitted loan modification application. (*Id*. ¶ 31.)

On August 2, 2017, Manuel Loeza, foreclosure specialist for BDFTW, recorded a Notice of Trustee's Sale with respect to the Subject Property, which announced a foreclosure sale date of September 6, 2017. (*Id*. ¶ 20; WFRJN Exh. T ("NOTS").) Plaintiffs allege that at the time the Notice of Trustee's Sale was recorded, they had been in regular contact with Wells Fargo and were notified that their loan modification application was under review and that a stay of sale was in effect. (Compl. ¶ 20.) In reliance on these representations, plaintiffs allege that they did not petition for emergency bankruptcy protection, post additional plan payments, or pursue other options for reinstatement. (*Id*.)

On September 6, 2017, BDFTW conducted a trustee's sale, and the Subject Property was sold to Breckenridge. (*Id*. ¶ 21.) Plaintiffs allege that they were not served the Notice of Trustee's Sale and that the sale was held without their knowledge. (*Id*. ¶ 20.) Cheryl Asher, associate attorney for BDFTW, recorded a Trustee's Deed Upon Sale on September 21, 2017, which conveyed the Subject Property to Breckenridge. (*Id*. ¶ 21; WFRJN Exh. U ("TDUS").)

4

With respect to the foregoing, plaintiffs allege: "This substitution was a legal impossibility due to the fact that there was no intervening assignment recorded in favor of Wells Fargo and because Wells Fargo lacked authority under the DOT to hold a trustee's sale and because BDFTW lacked authorization to practice law and was not operating legally in the State of California and did not legally exist as a business entity in California which caused the SOT and subsequently recorded documents executed by BDFTW to be void." (Compl. ¶ 21.) With respect to Breckenridge, plaintiffs allege that it is not a good-faith purchaser in part because it, along with BDFTW, "engaged in pre-foreclosure negotiations with Wells Fargo regarding scheduling the sale and terms of the sale[,] which grounds dictate a finding that the sale is illegal . . . ." (*Id*.) Thus, plaintiffs allege, Breckenridge could not have received any legal interest under the Trustee's Deed Upon Sale. (*Id*.)

Moreover, the matters judicially noticeable here indicate that the automatic stay in the 2016 Bankruptcy Action remained in place until July 3, 2017, when the bankruptcy court lifted the stay due to plaintiffs' failure to cure their post-petition default. (WFRJN Exh. R.) Plaintiffs allege that they were not served the order granting relief from the automatic stay and thus were unaware that the stay was no longer in effect at the time the trustee's sale took place. (Compl. ¶ 22.) For this reason, they allege they suffered a "secret sale." (*Id*.) The 2016 Bankruptcy Action was dismissed on November 7, 2017 based on plaintiffs' failure to make plan payments. (WFRJN Exh. S.)

However, plaintiffs allege that they did not have a "long history of nonpayment" and in fact "continued paying their mortgage up until the sale." (Compl. ¶ 23.)

## II. LEGAL FRAMEWORK

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Id*. at 556–57. Moreover, a plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to

satisfy Federal Rule of Civil Procedure 8(a)(2) . . . ." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). "Specific identification of the parties to the activities alleged by the plaintiff[] is required . . . to enable [a] defendant to plead intelligently." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1196 (E.D. Cal. 2013) (internal quotation marks omitted).

A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to a nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion to a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

If a court determines that a complaint should be dismissed, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). In making this determination, a court must bear in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).

## III. THRESHOLD ISSUE: PLAINTIFFS' COUNSEL'S DERELICTION

Though plaintiffs' counsel has filed separate briefs in opposition to each motion to dismiss, the Court can only assume, given the nature of the briefing, that she did not draft each brief with defendants' respective motions in mind. As far as the Court can tell, plaintiffs' opposition briefs filed in response to the Breckenridge Defendants' and the BDFTW Defendants' motions to dismiss are identical, as is their opposition brief filed in response to Wells Fargo's motion to dismiss with the exception of two additional pages.[6] Startlingly, the "Law and Argument" section of the oppositions filed in response to the Breckenridge Defendants' and the BDFTW Defendants' motions to dismiss match the same section of an opposition brief filed by plaintiffs' counsel in an *entirely separate case*, including typographical errors.[7] Moreover, the bulk of each opposition before the Court here consists of factual allegations repeated verbatim from plaintiffs' complaint, including numerous references to complaint exhibits "attached hereto," but which are not in fact re-attached to the oppositions. (*See, e.g.*, Opposition to Breckenridge Defendants' MTD at 4:25–26.) Plaintiffs also ignore most of the arguments asserted by defendants, while addressing other arguments that defendants do not make. In short, there is little to indicate that plaintiffs' counsel even reviewed defendants' moving papers before filing her opposition briefs.

In addition, the complaint in this matter ignores basic precedent. Counsel's "kitchen sink" approach is either the result of a complete lack of understanding of legal precedent or an intentional and strategic attempt to misuse the judicial process to the detriment of both the defendants and the Court. The Court tends to believe the latter given the numerous cases in the foreclosure arena for which counsel is of record.[8] Neither bodes well for counsel. Given this

---

[6] Indeed, plaintiffs' opposition to Wells Fargo's motion contains the same introduction as their opposition to the Breckenridge Defendants' motion, erroneously stating that the brief is in response to the "motion of Breckenridge Property Fund 2016, LLC and Gregory Geiser to dismiss complaint," rather than to Wells Fargo's motion. (*Compare* Plaintiffs' Opposition to Motion of Breckenridge Property Fund 2016, LLC and Gregory Geiser to Dismiss Complaint ("Opposition to Breckenridge Defendants' MTD") at 1, Dkt. No. 33, *with* Plaintiffs' Opposition to Motion of Wells Fargo Bank, N.A. to Dismiss Complaint ("Opposition to Wells Fargo's MTD") at 1, Dkt. No. 64.)

[7] *See Glaser et al. v. Nationstar Mortg.*, No. 16-cv-07245-LB, Dkt. No. 44.

[8] The Court notes that this is not the first time that it has been concerned about this issue

7

backdrop, the Court will not allow unrestrained amendment of the pleadings and has implemented a process herein which affords plaintiffs the ability to amend while requiring plaintiffs' counsel to demonstrate proactively the basis for any claim asserted.

**IV. DISCUSSION**

In light of plaintiffs' failure to file coherent oppositions, the Court is inclined to agree with the majority of the arguments raised in defendants' motions. *See Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."). For purposes of this Order, the Court assumes familiarity with the arguments raised in defendants' motions to dismiss and finds as follows:

- As a preliminary matter, plaintiffs' second through tenth and thirteenth causes of action as asserted against the Breckenridge Defendants are **DISMISSED WITH PREJUDICE** as these causes of action do not purport to allege any wrongdoing committed by these particular defendants.[9]

- Plaintiffs' claims for violation of Civil Code section 2923.55, slander of title, violation of CCP section 1029.8, and quiet title are **DISMISSED WITH PREJUDICE** as they are premised entirely on plaintiffs' theory that "the trustee's sale was initiated and conducted by parties with no lawful interest in [p]laintiffs' DOT due to the breaks in the chain of title and non-existent and/or illegal business entities including BDFTW and Breckenridge and fraudulently recorded documents in the County of Contra Costa." (Compl. ¶ 25.)[10] First, assignments of the note need not be recorded, and in any event the matters judicially noticeable here show that Wells Fargo is the current beneficiary under the 2006 Deed of Trust signed by plaintiffs. *See Kramer*

---

with this particular attorney. Should the same issue arise again, the Court will issue an Order to Show Cause why she should not be sanctioned.

[9] The Court's ensuing rulings with respect to these specific causes action are thus directed at the BDFTW Defendants and Wells Fargo, unless otherwise noted.

[10] To the extent these claims fail for independent reasons, the Court does not address them.

8

*v. Quality Loan Servicing Corp.*, 666 F. App'x 646, 648 (9th Cir. 2016) ("[U]nder California law, assignments of the Note need not be recorded."); *see also* WFRJN Exh. A; *id*. Exh. B at ECF 35–36. Second, plaintiffs lack standing to challenge the validity of the securitization process, and regardless, "a defendant bank does not invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a . . . [REMIC]." *Michael J. Weber Living Tr. v. Wells Fargo Bank, N.A.*, No. 13-cv-00542-JST, 2013 WL 1196959, at *3 (N.D. Cal. Mar. 25, 2013) (internal quotation marks omitted); *see also, e.g., Morgan v. Aurora Loan Servs., LLC*, 646 F. App'x 546, 550 (9th Cir. 2016) (holding that "because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the . . . [PSA] at issue, [the plaintiff] lack[ed] standing").[11] Third, the Deed of Trust provided that "Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee" (DOT at 12), and the matters judicially noticeable here show that: (i) BDFTW was a registered limited liability partnership in Texas and a registered foreign limited liability partnership in California, and was also registered by the State Bar of California at the relevant times alleged in the Complaint (*see* BDFTWRJN Exh. 6–9); (ii) defendants Asher, Jones, Treder, Goff, and Foreman were active attorneys in California during the relevant times alleged in the complaint and thus did not engage in the unauthorized practice of law in issuing the Trustee's Deed Upon Sale, Notice of Default,

---

[11] To the extent plaintiffs rely on *Glaski v. Bank of Am., N.A.*, 218 Cal. App. 4th 1079 (2013) to argue that the assignment was void rather than merely voidable (*see* Compl. ¶¶ 40, 42–43), that case has been heavily criticized in this circuit, and as stated above the Court follows the majority of cases concluding that borrowers such as plaintiffs lack standing to challenge irregularities in the securitization of their note. *See, e.g., Gieseke*, No. 13-cv-04772-JST, 2014 WL 718463, at *3 (N.D. Cal. Feb. 23, 2014) ("[C]ourts in this and other districts have noted that *Glaski* represents a distinct minority view on the standing of third parties to enforce or assert claims based on alleged violations of a PSA, and that courts in . . . [the Northern] District have expressly rejected *Glaski* and adhered to the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the PSA/securitization process.") (alterations in original) (internal quotation marks omitted); *see also Mendaros v. JPMorgan Chase Bank, N.A.*, No. 16-cv-06092-HSG, 2017 WL 2352143, at *5 (N.D. Cal. May 31, 2017) (noting "'an overwhelming majority' of courts have criticized and rejected [*Glaski*'s] interpretation of New York trust law, holding instead that acts in contravention of the trust instrument are merely *voidable*") (quoting *Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal. App. 5th 802, 805 (2016)) (emphasis supplied).

Notice of Trustee's Sale, and Substitution of Trustee (*see* BDFTWRJN Exhs. 10–14); and (iii) defendant Loeza, as plaintiffs note, was a foreclosure specialist during the relevant times alleged in the Complaint, not an attorney (Compl. ¶ 20; *see also* NOTS at 2).[12] Fourth, plaintiffs' contention that Wells Fargo failed to apply their Chapter 13 bankruptcy payments toward the Loan is contradicted by judicially noticeable orders entered in plaintiffs' 2013 Bankruptcy Action[13] and by plaintiffs' proposed Chapter 13 plan filed on September 9, 2016.[14] (*See* WFRJN Exhs. G, H, M.)  Fifth, judicially noticeable documents relied on by the Court in connection with its prior order denying plaintiffs' motion for a temporary restraining order indicate that Wedgewood, LLC is a registered limited liability corporation in Delaware and a registered foreign limited liability corporation in California. (*See* Dkt. No. 53-1 Exh. B; *see also* Dkt. No. 56 at 3 n.3.)  To the extent plaintiffs' other claims rely on this theory, they are likewise **DISMISSED WITH PREJUDICE**.[15]

- To the extent plaintiffs' claims against the Breckenridge Defendants rely on the theory that "Breckenridge cannot be considered a bona fide purchaser for value because the deed on which the transfer is based[] is void" (*see, e.g.*, Opposition to Wells Fargo's MTD at 11), they are **DISMISSED WITH PREJUDICE**.[16]

---

[12] In any event, plaintiffs' allegations and the judicially noticeable documents establish that the foreclosure proceeding against the Subject Property was a non-judicial foreclosure proceeding, and thus the BDFTW Defendants were merely performing the ministerial duties of a foreclosure trustee as opposed to practicing law.  Therefore, plaintiffs' allegations of illegal activity and/or unlawful practice of law by the BDFTW Defendants appear to be irrelevant.

[13] As established by those orders, plaintiffs' 2013 Bankruptcy Action was dismissed on December 22, 2015 as a result of plaintiffs' failure to make payments due pursuant to a stipulation entered into between plaintiffs and Wells Fargo.

[14] In their proposed plan, plaintiffs listed the amount of arrears owed to Wells Fargo as $98,978.82.

[15] For example, plaintiffs' wrongful foreclosure claim is based in part on this theory.

[16] Plaintiffs' separate assertion that Breckenridge is affiliated with BDFTW and that the Breckenridge Defendants and BDFTW "illegally partnered for a secret profit which . . . caused the sale to be void" is not supported by any plausible factual allegations, and it amounts to nothing more than speculation.  (Compl. ¶ 47; *see also id.* ¶¶ 5, 12, 21, 44.)  Moreover, plaintiffs are essentially making a claim that the sale is void because it was fraudulent.  However, they do not meet the federal pleading standard for fraud, which requires particularity. *See* Fed. R. Civ. P. 9(b); *see also Snell v. Deutsche Bank Nat. Trust Co.*, No. 2:13-cv-2178-MCE-DAD, 2014 WL 325147,

- Plaintiffs' claim for wrongful foreclosure is **DISMISSED WITH PREJUDICE** to the extent it is predicated on defendants' alleged use of robo-signers. *See Mendoza*, 6 Cal. App. 5th at 819 ("[T]o the extent that an assignment was in fact robo-signed, it would be voidable, not void, at the injured party's option. . . . The bank, not the borrower[,] would be the injured party.") (first alteration in original) (internal citation and quotation marks omitted).[17] The Court otherwise **DISMISSES** plaintiffs' wrongful foreclosure claim but grants them **LEAVE TO AMEND**, in accordance with the Court's rulings herein.
- Plaintiffs' promissory estoppel claim is **DISMISSED WITH PREJUDICE** as asserted against the BDFTW Defendants, to the extent it is predicated on their participation in the loan modification process, and is otherwise **DISMISSED WITHOUT PREJUDICE**. In amending their complaint, plaintiffs shall be more specific regarding the alleged promises made, including who made them, when they were made, plaintiffs' detrimental reliance thereon—particularly in light of plaintiffs' judicially noticeable stipulation with Wells Fargo, entered as an order of the bankruptcy court on March 13, 2017 in the 2016 Bankruptcy Action (*see* WFRJN Exh. Q at ECF 5–9)—and damages.
- Plaintiffs' dual tracking claim under Civil Code section 2924.11 is **DISMISSED WITH**

---

at *10 (E.D. Cal. Jan. 29, 2014) ("Plaintiffs must allege facts . . . such as the times, dates, places, benefits received, the identity of the person making the misrepresentation, and other details of the alleged fraudulent activity.").

Given plaintiffs' "fail[ure] to demonstrate that the property foreclosure was void or unauthorized," plaintiffs must indicate in their amended complaint, to the extent one is filed, "a credible, legitimate tender of or ability to tender amounts outstanding[,]" *see Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1107 (E.D. Cal. 2014), or direct the Court to specific authority excusing tender in light of plaintiffs' amended claims.

[17] The Court does not address here the other grounds on which plaintiffs' base their "broken chain of title" theory for wrongful foreclosure, namely "break in the chain of title due to no recordation of any assignments, faulty securitization, utilization of an invalidly formed/non-existent trustee, sale to a non-existent company, holding a secret trustee's sale, and lack of authority by the purported trustee, BDFTW, violation of the dual-tracking prohibition and single point of contact provision, and federal statutes, including on grounds that although servicing was transferred to Wells Fargo, Plaintiffs never received statutory notices advising Plaintiffs of changes in their servicer." (*See* Compl. ¶ 36.) First, many are unavailing for the reasons already discussed. Second, plaintiffs do not provide legal support for their argument. Third, the Court dismisses below many of their claims for California and federal violations.

1 **PREJUDICE**. Plaintiffs' factual allegations of conduct pre-2018 cannot support a claim under a statutory section which took effect on January 1, 2018. *See* Cal. Civ. Code § 2924.11; *see also Rocha v. CIT Bank*, No. 17-cv-05082-BLF, 2018 WL 1609636, at *7 n.4 (N.D. Cal. Apr. 3, 2018) ("Beginning January 1, 2018, a new 'dual tracking' provision is provided under § 2924.11 . . . ."); *Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1152 (N.D. Cal. 2013) ("The HBOR does not state that it has retroactive effect.").

- Plaintiffs' claim for violation of Civil Code 2923.7 is **DISMISSED WITH PREJUDICE** as asserted against all defendants except Wells Fargo (the loan servicer) and otherwise **DISMISSED WITHOUT PREJUDICE** so that plaintiffs may allege, consistent with their obligations under Federal Rule of Civil Procedure 11, that they requested a SPOC and plead facts sufficient to demonstrate that any purported failure to assign a SPOC caused plaintiffs economic damages. *See Rockridge*, 985 F. Supp. 2d at 1152 (finding that section 2923.7 "imposes duties only on the loan servicer"); *see also Galvez v. Wells Fargo Bank, N.A.*, No. 17-cv-06003-JCS, 2018 WL 2761917, at *7 (N.D. Cal. June 7, 2018) ("[Section 2923.7] only applies when borrowers request a single point of contact. If the loan modification process automatically triggered a single point of contact requirement, there would be no need to condition the requirement on a 'request from the borrower.'").[18]

- Plaintiffs' RICO claim is **DISMISSED WITH PREJUDICE**, consistent with the Court's efforts to "flush out frivolous RICO allegations at an early stage of the litigation." *Wagh v. Metris*

---

[18] The Court additionally notes that plaintiffs' contention that they "were directed to contact BDFTW . . .[,] which did not legally exist in California" (Compl. ¶ 31) fails for the reasons discussed above. To the extent plaintiffs complain that they were directed to contact a group of individuals rather than a single individual, section 2923.7(e) permits a "single point of contact" to include a group of individuals. Simply having multiple people help plaintiffs does not give rise to a cause of action under section 2923.7. As for plaintiffs' assertion that "a single point of contact was never available to speak with [p]laintiffs" (Compl. ¶ 69), this argument is contradicted by other allegations in the complaint. *See, e.g., id.* ¶ 59 (referencing "numerous conversations" with defendants); *id.* ¶ 20 ("Plaintiffs were in regular telephone contact with Wells Fargo . . . ."); *see also Saber v. J.P. Morgan Chase Bank, N.A.*, 650 F. App'x 527, 528 (9th Cir. 2016) ("[Appellant] has not plausibly alleged that he was not given a single point of contact because he alleges in relation to [another] claim that he was in contact with J.P. Morgan regarding a loan modification and that J.P. Morgan responded to that inquiry."). Should plaintiffs choose to amend this claim in accordance with Rule 11 as set forth above, they should also specify *how* Wells Fargo allegedly violated the Civil Code's SPOC provision.

*Direct, Inc.*, 348 F.3d 1102, 1108–09 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007). Plaintiffs' RICO claims here have been brought by plaintiffs' counsel in nearly identical form in other cases in this district and have been dismissed with prejudice. *See, e.g., Glaser v. Nationstar Mortg., LLC*, No. 16-cv-07245-LB, 2017 WL 1861850, at *11–12 (N.D. Cal. May 9, 2017) (noting similar allegations did "not satisfy Rule 9(b)'s heightened pleading standard and assert[ed] a RICO claim that [was] 'far from plausible'") (quoting *Bergman v. Bank of Am.*, No. C-13-00741 JCS, 2013 WL 5863057, at *29–30 (N.D. Cal. Oct. 23, 2013) (collecting cases and dismissing nearly identical claims with prejudice)); *Rubio v. U.S. Bank N.A.*, No. C 13-05752 LB, 2014 WL 1318631, at *17–18 (N.D. Cal. Apr. 1, 2014) (citing *Bergman* and dismissing RICO claims with prejudice). The Court adopts the reasoning of these previous cases and finds that plaintiffs' RICO allegations do not satisfy Rule 9(b)'s heightened pleading standard and assert a claim that is "far from plausible." *Bergman*, 2013 WL 5863057, at *30 (citing *Zacharias v. JP Morgan Chase Bank, N.A.*, No. 12-06525 SC, 2013 WL 588757, at *3–4 (N.D. Cal. Feb. 13, 2013) (summarizing RICO allegations similar to those here and dismissing claim as "far from plausible" and "simply improper")).

- Plaintiffs' FDCPA claim is **DISMISSED WITH PREJUDICE** as the matters judicially noticeable here indicate that no defendant is a "debt collector." *See, e.g.*, WRFJN Exhs. A, B, E, F, I, L; *see also Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1053 (C.D. Cal. 2012) ("The FDCPA specifically excludes creditors collecting their own consumer debts. . . . Mortgage loan beneficiaries and servicing companies are not 'debt collectors' under the FDCPA.") (internal quotation marks omitted); *Gieseke*, 2014 WL 718463, at *5 ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.") (internal quotation marks omitted); *Knockum v. BAC Home Loans Servicing, L.P.*, No. 2:12-cv-0416-GEB-DAD-PS, 2012 WL 3730755, at *4 (E.D. Cal. Aug. 27, 2012) ("[F]oreclosing on the subject property pursuant to a Deed of Trust is not the collection of debt within the meaning of the FDCPA.").

- Plaintiffs' claim for violation of TILA is **DISMISSED** as time barred and **DISMISSED WITH**

13

1 **PREJUDICE** to the extent plaintiffs seek rescission of their loan. To the extent plaintiffs seek only damages, the claim as asserted against the BDFTW Defendants is **DISMISSED WITH PREJUDICE**,[19] but the Court otherwise grants plaintiffs **LEAVE TO AMEND** to disclose information about their adjustable interest rate (and the related allegations) (*see* Compl. ¶ 141) and allege why the statute of limitations should be tolled. The Court advises plaintiffs that "the mere existence of TILA violations does not support equitable tolling of TILA's statute of limitations." *Quach v. Bank of Am., N.A.*, 5:13-CV-00467-EJD, 2013 WL 3788827, at *3 (N.D. Cal. July 17, 2013).[20]

- Plaintiffs' qualified written request ("QWR")-based RESPA claim is **DISMISSED WITH PREJUDICE** as asserted against the BDFTW Defendants because BDFTW is not a loan servicer and **DISMISSED WITHOUT PREJUDICE** as asserted against Wells Fargo so that plaintiffs may identify the QWR on which they base their claim and how Wells Fargo's response was insufficient. Plaintiffs' notification-based RESPA claim is similarly **DISMISSED WITH PREJUDICE** as asserted against the BDFTW Defendants and **DISMISSED WITHOUT PREJUDICE** as asserted against Wells Fargo because the Court cannot be sure, in light of plaintiffs' pervasive use of group pleading, whether the notification-based RESPA claim is directed at Wells Fargo. *See Crawford v. Cal-Western Reconveyance Corp.*, No. CV 12-10598 DSF (VBKx), 2013 WL 12131585, at *3 (C.D. Cal. Feb. 25, 2013) (dismissing with prejudice plaintiffs' RESPA claim against one defendant because plaintiffs did not "plead[] or otherwise

---

[19] Plaintiffs' assertion that BDFTW is liable for the other defendants' TILA violations (*see* Compl. ¶ 143) is unpersuasive because: (1) as discussed above, plaintiffs to not have standing to enforce the PSA, *see Bergman v. Bank of Am., N.C.*, No. 13-cv-00741-JCS, 2014 WL 265577, at *4 (N.D. Cal. Jan. 22, 2014); and (2) 15 U.S.C. section 1641(g) applies only to "creditors," and the matters judicially noticeable here show that BDFTW is instead a trustee of the Deed of Trust and is thus "exempt from TILA because of its limited role under California law . . . ." *See Vogan v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02098-JAM-KJN, 2011 WL 5826016, at *4 (E.D. Cal. Nov. 17, 2011).

[20] The Court notes that plaintiffs' TILA claim—and their wrongful foreclosure claim, for that matter—is based in part on defendants' purported failure to notify plaintiffs of any transfer of interest in the Loan. (*See* Compl. ¶¶ 36, 142.) However, this theory fails as the requirement to provide notice of transfer of interest, codified at 15 U.S.C. § 1641(g), "went into effect on May 19, 2009, and its application is not retroactive." *Diunugala v. JP Morgan Chase Bank, N.A.*, No. 12cv2106-WQH-KSC, 2015 WL 3966119, at *4 (N.D. Cal. June 30, 2015)

establish[] that [defendant] [was] a loan servicer and [defendant] ha[d] provided documents indicating that it [was] merely the substituted trustee, not a loan servicer"). On amendment, plaintiffs must also plead facts showing how any alleged violations caused pecuniary damages.

- Plaintiffs' negligence claim as asserted against the BDFTW Defendants is **DISMISSED WITH PREJUDICE** as these defendants do not owe plaintiffs any common law duty. *See Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1187 (C.D. Cal. 2011) ("The trustee of a deed of trust is not a true trustee, and owes no fiduciary obligations; he merely acts as a common agent for the trustor and the beneficiary of the deed of trust.") (internal quotation marks omitted); *see also Galvez*, 2018 WL 2761917, at *8 (noting "California Courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust") (internal quotation marks omitted). Plaintiffs' negligence claim as asserted against Wells Fargo is also **DISMISSED WITH PREJUDICE** because the complaint provides no indication that Wells Fargo's role went beyond the scope of a conventional loan servicer thereby creating a duty, that the duty of care was breached, and that plaintiffs were damaged as a result of any breach. *See Gosal v. Wells Fargo Bank, N.A.*, No. 2:18-cv-00908 JAM AC (PS), 2018 WL 2984875, at *5 (N.D. Cal. June 14, 2018) ("As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. . . . This principle has been extended to loan servicers.") (internal citations omitted).[21] Moreover,

---

[21] The Court notes that plaintiffs' assertion of defendants' purported breach on the basis that plaintiffs had no notice of the bankruptcy court's order granting relief from automatic stay in the 2016 Bankruptcy Action and thus suffered a "secret sale" is contradicted by judicially noticeable records in the 2016 Bankruptcy Action. As plaintiffs allege, they obtained representation of a bankruptcy lawyer to obtain the Chapter 13 plan. (Compl. ¶ 23.) Under this district's Bankruptcy Local Rules, "transmission of the Notification of Electronic Filing by the Clerk to a Registered Participant who has consented to electronic service shall constitute effective service on that Registered Participant of all papers governed by [Federal Rule of Civil Procedure 5(b)] . . . ." Bankr. L.R. 9013-3(c). Moreover, "[u]nless exempted by the Clerk, all attorneys practicing in the Court . . . are required to file all documents . . . electronically via ECF." *Id*. L.R. 5005-1(c). Plaintiffs do not allege their attorney in the 2016 Bankruptcy Action opted out of Electronic Filing or was exempted from it by the Clerk.

The Court additionally notes that claims that the Court has herein dismissed with prejudice cannot serve as the predicate for plaintiffs' negligence claim.

15

plaintiffs have not indicated that the complaint can be amended as such. *See Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1116 (E.D. Cal. 2015) ("[M]aking a loan modification falls squarely within the lender's 'conventional role as a lender of money' and does not constitute 'active participation' outside the role as lender.").

## V. CONCLUSION

In accordance with the foregoing, the Breckenridge Defendants', BDFTW Defendants', and Wells Fargo's respective motions to dismiss are **GRANTED**. With respect to the *portions* of the claims not dismissed with prejudice, namely:

- Wrongful foreclosure (11:1–7)
- Promissory Estoppel (11:8–15)
- Civil Code section 2923.7 (12:7–17)
- TILA (13:28–14:8)
- RESPA (14:9–15:3)

the following process shall apply:

The Court grants plaintiffs leave to file a *motion* to amend their complaint within the confines described herein. The motion shall be filed no later than **July 31, 2018** and shall be drafted with the following components. First, a first amended complaint ("FAC") shall be attached as an exhibit to the motion, and must be structured in such a way as to address each remaining cause of action as it pertains to each specific defendant against which the cause of action is asserted.[22] This will allow the Court to evaluate the merits of each claim with respect to each defendant. Second, the motion shall provide the legal justification for each cause of action (and therefore for each defendant against which the claim is asserted) separately. Third, for each cause of action, the motion shall (i) list the elements of the claim with supporting legal authority, and (ii) identify by page and line number the allegations in the FAC which correspond to and satisfy each element. Fourth, plaintiffs' counsel shall personally certify that all allegations

---

[22] For example, if plaintiffs assert a similar claim against two defendants, then plaintiffs' FAC shall assert *two separate causes of action*, one for each defendant.

16

presented in the FAC are made in good faith and in compliance with Federal Rule of Civil Procedure 11 and shall be prepared to respond to the Court in this regard if necessary. Plaintiffs may not add any additional claims without first seeking leave of Court separately.[23]

Failure to file the motion by July 31, 2018 shall be deemed an admission that the defects noted in this Order cannot be cured, and the Court will dismiss the remaining claims with prejudice, effective August 1, 2018. Any opposition to the motion to amend in the form of the FAC shall be filed on August 14, 2018, with plaintiffs' corresponding reply due on August 21, 2018. The motion shall be set for hearing on the Court's standing law and motion calendar on **September 4, 2018** at **2:00 p.m.**

Plaintiffs' counsel shall share a copy of this Order with her clients. By **July 20, 2018**, counsel shall file a declaration with the Court confirming that she has complied with this instruction, or a one-page statement setting forth an explanation regarding the failure to comply. Failure to make the requisite filing may result in the imposition of sanctions as the Court deems appropriate.

This Order terminates Docket Numbers 12, 19, 58.

**IT IS SO ORDERED.**

Dated: July 11, 2018

**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE**

---

[23] Failure to comply with this delineated process will result in *sua sponte* denial of plaintiffs' motion.

17